UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UIH TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>KUEHNE + NAGEL INC.,<br><br>    Defendant. | Civil Action No. 1:21cv03429-PKC |

## STIPULATED PROTECTIVE ORDER

Pursuant to the agreement between Plaintiff UIH Technologies LLC ("UIH") and Defendant Kuehne + Nagle Inc. ("K+N") (collectively "the Parties" and individually a "Party"), and with the approval of the Court, this Protective order shall govern the production of documents and information designated as "Confidential" by either a Party in this litigation and by a non-party in response to a subpoena issued in this litigation (hereinafter "non-party" or "non-parties").

### I. PURPOSE OF THE PROTECTIVE ORDER.

The purpose of this Protective Order is to provide a means for the Parties or a non-party to limit access to and limit the use and disclosure of Confidential documents and information produced in response to discovery in the above-captioned case. The provisions of this Protective Order shall not affect, and this Protective Order does not limit, the use or admissibility of such protected information or material or references to such information or material as evidence at trial, or during a hearing or similar proceeding in this matter or as part of the record on appeal; provided, however, that the Party seeking to use, admit, or reference such material shall make reasonable efforts in advance to confer in good faith with the other Party or a non-party to resolve any

objections to the same and either a Party or non-party may seek an appropriate Court order to protect such material.

## II. DESIGNATION OF CONFIDENTIAL DOCUMENTS AND INFORMATION.

Either a Party or non-party may designate documents or information (which shall for purposes of this Protective Order include, without limitation, video recordings, audio recordings, data memorialized in any form, and/or deposition testimony) as "Confidential." Documents or information produced by a non-party or testimony provided by a non-party may be designated by the non-party or a Party as "Confidential" in accordance with this Protective Order.

### A. Criteria for Classification.

1. "Confidential" documents or information. Either a Party or non-party may designate documents or information as "Confidential" if it reasonably believes that the documents or information contains or discloses confidential technical, financial, commercial, or otherwise protected information that has not been made public, or producing the documents or information without a confidential designation could require a Party or non-party to violate the terms of a licensing agreement or other contract or the documents.

### B. Time of Designation.

Unless otherwise agreed between counsel for the Parties or a non-party, the designation of "Confidential" documents and information shall be made prior to, or upon, the production of a copy of any requested document, item or thing. To the extent either a Party or non-party does not timely designate documents or information as "Confidential" it may so designate as provided under Paragraph II(D), below.

C.   **Manner of Designation.**

The designation of "Confidential" documents or information shall be made by placing the notation "Confidential" on each page of such document containing such "Confidential" information, or by orally designating confidential information disclosed as part of a deposition or other similar proceeding. Other records and items shall be prominently marked in a reasonably equivalent manner.

D.   **Subsequent Designation.**

Failure to designate and/or mark any document or information as "Confidential" shall not preclude either a Party or non-party from thereafter in good faith making such a designation and requesting the other Party to so mark and treat such documents or information so designated. Such designation and request shall be made in writing. Once notified of the designation, the receiving Party must make reasonable efforts to assure that the document or information is thereafter treated in accordance with the provisions of this Protective Order.

E.   **Resolution of Disputes Regarding Designation.**

The acceptance by a Party of "Confidential" documents or information shall not constitute an admission or concession that such "Confidential" documents or information are, in fact, "Confidential." However, the documents or information will be treated as designated unless the receiving Party follows the procedures to remove, change, or otherwise reclassify the designation as set forth in this Paragraph.

If the receiving Party, at any time, wishes to have the "Confidential" designation of any particular documents or information removed or changed, the receiving Party shall first request in writing that disclosing Party or non-party remove its designation and state the reason therefor. Within five (5) business days of the service of such request, the disclosing Party or non-party will

3

either withdraw such designation or telephonically meet and confer with counsel for the receiving Party. If the Parties or a non-party do not otherwise resolve the dispute, the receiving Party may seek permission of the Court to so re-designate the particular documents or information. The disclosing Party or non-party shall have the burden of proving that such particular documents or information are properly designated as "Confidential." The Parties and non-parties shall treat the document or information as originally designated until the motion is decided by the Court.

### III. PERSONS TO WHOM CONFIDENTIAL DOCUMENTS AND INFORMATION MAY BE DISCLOSED.

**A.    Disclosure of Documents and Information Designated As "Confidential."**

Documents or information designated as "Confidential" may be disclosed and copies may be provided only to:

1. The Parties' attorneys and their support staff who are involved in the above-captioned case;

2. Any third-party support services including, but not limited to, mediators, insurers, outside copying services, and document imaging and database services, graphics or design services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the above-captioned matter;

3. Expert witnesses or consultants retained by the receiving Party or its attorneys in connection with this action and the employees of such experts or consultants who are assisting them, only to the extent the information disclosed is pertinent to the expert witness' or consultant's opinions;

4. A court of law, including clerks, assistants, and secretaries, and any court reporter, videographer, or stenographer retained to record proceedings before the Court or at any deposition taken in this matter; and

5. The Parties and their employees who reasonably need to access the information in support of claims or litigation related to this case.

### IV. USE OF "CONFIDENTIAL" INFORMATION.

A. "Confidential" documents and information shall be used by the Parties, their agents, and any other persons to whom such documents and information may be disclosed pursuant to the Protective Order, for no purpose other than: (a) the above-captioned action; (b) as otherwise compelled by lawful process (provided the disclosing Party or non-party is given reasonable notice to object); (c) as otherwise required by law; or (d) as permitted by a court order.

B. In the event a receiving Party receives a written request, subpoena, or court order seeking disclosure of "Confidential" documents or information, the Party shall immediately upon receipt of such request, subpoena, or court order, notify opposing counsel of the request, subpoena, or court order, providing a copy of the same, unless prohibited by law. The receiving Party shall also notify the person or entity requesting the Confidential documents or information of the material terms of this Protective Order and shall use reasonable efforts to prevent further dissemination of any Confidential information by these or any other third parties, except by court order or consent of the Parties.

C. The restrictions set forth in this Protective Order regarding the protection of Confidential information shall not apply or shall cease to apply to any document or information that (i) at the time of disclosure to the receiving Party was already lawfully in the possession of the receiving Party and was not acquired from any third party under obligations of confidence to the disclosing Party; (ii) after disclosure to the receiving Party, is acquired by the receiving Party from a third party lawfully possessing the same and having no obligation to the producing Party under this Protective Order; (iii) after disclosure to the receiving Party, is developed by the receiving Party

independently of any Confidential document or information obtained from the disclosing Party or non-party; (iv) prior to disclosure to the receiving Party, was available to the public, or subsequent to the disclosure, has become available to the public through no fault of the receiving Party; or (v) that is used or admitted in open court without objection.

## V. SURVIVAL.

All obligations and duties arising under this Protective Order shall survive the termination of this action. The Court retains jurisdiction over the Parties indefinitely with respect to any dispute regarding the improper use of "Confidential" documents or information disclosed under protection of this Protective Order. Upon conclusion of this litigation (including any appeals), all Confidential documents (including, without limitation, copies provided to parties or to testifying or consulting experts) shall within 30 days from receipt of a written request by a Party or non-party, be returned to the producing party at the producing party's cost and expense, or, in the alternative, destroyed, except that counsel for each party may retain one complete set of all documents filed with the court and one complete set of all "Confidential" documents. Additionally, a sworn certificate attesting to the destruction and electronic file deletion and indicating that no electronic information has been retained shall be executed by each Party and delivered to all Parties upon request by any Party or non-party after the conclusion of the litigation, including any appeal.

## VI. INADVERTENT PRODUCTION.

The inadvertent or mistaken disclosure of any "Confidential" documents or information by either Party, without the designation required under Article II, above, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Protective Order, if such inadvertent or mistaken disclosure is brought to the attention of the receiving Party

promptly after the disclosing Party's or non-party's discovery of such disclosure. After providing such notice, the disclosing Party or non-party shall reproduce appropriately designated materials, and the material that was mistakenly disclosed and all copies thereof shall be immediately returned to the disclosing Party, non-party or destroyed. Upon receipt of notice of mistaken disclosure, the receiving Party shall exercise all reasonable efforts to retrieve and/or limit the disclosure of the mistakenly disclosed material to persons not authorized to receive such materials under this Protective Order.

### VII. NON-WAIVER OF PRIVILEGE.

The inadvertent disclosure or production of a communication or information protected by the attorney-client privilege, work product doctrine, and/or any other privilege or immunity that is made in connection with the above-captioned matter shall not constitute a waiver of any claim of attorney-client privilege, work product protection, and/or other privilege or immunity available with respect to that communication or information in this or any other federal or state proceeding under any circumstances, unless the Court determines that such production was done willfully or so recklessly as to constitute a voluntary waiver of the applicable privilege. This Protective Order applies regardless of whether the communication or information disclosed or produced describes or relates to this matter.

The receiving Party is under a good faith obligation to promptly alert the disclosing Party or non-party if a communication or information is disclosed or produced by the disclosing Party or non-party that appears to be protected by the attorney-client privilege, work product doctrine, and/or any other privilege or immunity on its face or in light of facts known to the receiving Party.

To effectuate a clawback, upon learning of the inadvertent production of privileged or otherwise protected communications or information, the disclosing Party or non-party who made

7

the disclosure shall send written notice of the production to the receiving Party. The disclosing Party or non-party need not provide any explanation or evidence regarding the reasonableness of the efforts taken to prevent production. The notice shall identify the communication or information that was produced (including the format of the production—e.g., paper, electronically stored information) and the date(s) of production. If the disclosing Party or non-party claims that only a portion of the communication or information is protected, the disclosing Party or non-party shall provide a new copy of the communication or information with the allegedly privileged or protected portions redacted.

Upon determination that a communication or information received is privileged or protected in whole or in part, or upon receipt of notice from the disclosing Party or non-party that a privileged or protected communication or information has been disclosed or produced, the receiving Party must promptly: (a) return and/or destroy the original and all copies, including any electronic copies, of the protected communication or information; (b) destroy all notes or other work product reflecting or referring to the content of such material; and (c) state in writing that the receiving Party has complied with this section. To the extent the communication or information in question may exist on any computer or back-up media which cannot be reasonably deleted, it may be retained until such time as the media is subject to routine deletion or destruction, provided that no person attempts to access the contents of the communication or information unless allowed under the terms of this Protective Order. If the receiving Party used, shared, or disclosed the communication or information prior to notification, it must take reasonable steps to retrieve and prevent further use or distribution of the communication or information. This duty expires only if this Court rules that the communication or information is not privileged or protected.

If the receiving Party contests the claim of privilege or other protection in good faith, then within ten (10) business days of receiving the disclosing Party's or non-party's notice, the receiving Party may move for a ruling that the communication or information is not protected by the attorney-client privilege, work product protection and/or other privilege or immunity. Pending resolution of said motion, the receiving Party may retain a single copy of the communication or information subject to the motion in a secure location, but it may not be used, shared or disclosed in any way prior to the Court's resolution of the motion, except among counsel and the Court for use as to the motion. If the Court denies the motion contesting the claim of privilege or other protection, then within ten (10) business days of the Court's Order, the receiving Party must promptly (a) return and/or destroy the original and all copies, including any electronic copies, of the protected communication or information; (b) destroy all notes or other work product reflecting or referring to the content of such material; and (c) certify in writing that the receiving Party has complied with this section.

**VIII. NOT AN AGREEMENT TO PUT DOCUMENTS UNDER SEAL.**

Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days

9

thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

Nothing in this Order will prejudice either party from seeking amendments broadening or restricting the rights of access to and the use of "Confidential" documents or information, or contesting the designation of a document as "Confidential."

Until such time as this Protective Order has been entered by the Court, the undersigned agree that, upon execution by the Parties and any non-party, it will be treated as though it had been "So Ordered."

*Motion (Doc 42) is GRANTED*

ENTERED this ___9th___ day of ___February___, 2022.

_____, U.S.D.J.

[Endorsements on next page]

SEEN AND AGREED:

*/s/ Mark T. Coberly*
Mark T. Coberly (VA Bar No. 18136)
Dustin M. Paul (VA Bar No. 75287)
Gaela R. Normile (VA Bar No. 95912)
VANDEVENTER BLACK LLP
101 W. Main Street
500 World Trade Center
Norfolk, VA 23510
Telephone: (757) 446-8600
Facsimile: (757) 446-8670
Email: MCoberly@VanBlackLaw.com
           DPaul@VanBlackLaw.com
           GNormile@VanBlackLaw.com
*Counsel for Plaintiff UIH Technologies LLC*


SEEN AND AGREED:

*/s/ Andrew Spector*
Andrew Spector (AS-3887)
3250 Mary Street, Suite 405
Miami, FL 33133
Andrew.spector@spectorrubin.com

Troy Geisser (TG-9012)
11 Broadway, Suite 615
New York, NY 10004
Troy.geisser@spectorrubin.com

Telephone: (305) 537-2000
Facsimile: (305) 537-2001
*Counsel for Defendant, Kuehne + Nagel Inc.*


SEEN AND AGREED:

*/s/ George W. Wright*
George W. Wright (GW-6957)
GEORGE W. WRIGHT & ASSOCIATES, LLC
88 Pine Street, 7th Floor
New York, NY 10005
(201) 342-8884
gwright@wright-associate.com
*Counsel for Landstar Ranger, Inc. and
Risk Management Claim Services, Inc.*